## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------

ASHANTI WALLACE            :
4731 Tampa Street          :
Philadelphia, PA 19120      :     CIVIL ACTION NO. _____
                                :
        Plaintiff,       :     **JURY TRIAL DEMANDED**
                                :
    v.                      :
                                :
RE:DISH CO. D/B/A RE:DISH   :
4235 Richmond Street       :
Philadelphia, PA 19137      :
                                :
        Defendant.     :

---------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Ashanti Wallace ("Plaintiff"), by and through her undersigned attorneys, for her Complaint against Defendant Re:Dish Co. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA").

## PARTIES

2.  Plaintiff Ashanti Wallace is a citizen of the United States and Pennsylvania, and currently maintains a residence at 4731 Tampa Street, Philadelphia, PA 19120.

3.  Defendant Re:Dish is a corporation incorporated in the State of Pennsylvania, where it maintains its principal place of business at 4235 Richmond Street, Philadelphia, PA 19137.

1

4.      At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment and for Defendant.

## JURISDICTION AND VENUE

5.      On or about June 3, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959 (a).  Plaintiff's EEOC Charge was docketed as No: 530-2024-08198.  Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6.      By correspondence dated February 20, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising that Plaintiff had ninety (90) days to file suit against Defendant.

7.      Plaintiff filed the instant action within the statutory time frame applicable to her claims.

8.      This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

9.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as her federal claim.

2

11.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein and the unlawful practice of which Plaintiff is complaining were committed in this judicial district.

## FACTUAL ALLEGATIONS

12.     Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13.     On or about November 20, 2023, Defendant hired Plaintiff for the position of Warehouse Associate.

14.     At all times material hereto, Plaintiff performed her job well, received occasional praise, and was subjected to no justifiable discipline.

15.     By way of background, Plaintiff suffered a workplace injury on or about January 4, 2024 while picking up a heavy container.

16.     As a result, Plaintiff was out of work from on or about January 4, 2024 to January 17, 2024.

17.     Plaintiff notified Defendant immediately about the workplace injury.

18.     Defendant did not want to provide Plaintiff with a claim number for the injury.

19.     In addition, Defendant's Manager, Yessenia Matamoros ("Ms. Matamaoros") did not want to write/document an injury report.

20.     Despite this, Plaintiff continued to request the same from Defendant for days.

21.     Eventually, due to Plaintiff's continuous requests, a injury report was made five (5) days after the injury.

22.     In connection with the injury, Plaintiff strained her back and required physical therapy.

23.    Plaintiff informed Defendant about the same, in addition to the need for physical therapy.

24.    Plaintiff requested an accommodation to attend physical therapy, when needed.

25.    Plaintiff's workplace injury, including her strained back, and effects thereafter constituted a disability within the meaning of the ADA/PHRA in that Plaintiff was substantially impaired from performing one or more major life activity.

26.    Defendant was not happy about Plaintiff's need to attend physical therapy and Plaintiff's requests for the same.

27.    Defendant's response to Plaintiff's request was that physical therapy was a "hassle."

28.    As Defendant refused to initially provide Plaintiff with a claim number as described herein, Plaintiff was unable to see a doctor for treatment because of this and the fact that Plaintiff's insurance benefits were inactive.

29.    Once Defendant finally provided Plaintiff with a claim number, Plaintiff was finally able to treat with a doctor who accepted Defendant's insurance.

30.    The doctor's earliest availability was on or about January 16, 2024.

31.    Plaintiff treated with a doctor on or about January 16, 2024.

32.    Plaintiff was told that she may return to work, on light duty, with specified restrictions.

33.    Accordingly, Plaintiff returned to work the following day, on or about January 16, 2024.

34.    Plaintiff communicated and provided a doctor's note/document specifying her workplace restrictions, which included: (a) Constant lifting up to a maximum of five (5) pounds,

4

(b) Occasional lifting up to a maximum of fifteen (15) pounds, and (c) Occasional pushing/pulling up to a maximum of twenty (20) pounds.

35.    The aforementioned constitutes a request for reasonable accommodation under the ADA/PHRA.

36.    Plaintiff was able to perform the essential functions of her job, with or without the reasonable accommodations requested.

37.    Immediately after Plaintiff made her requests for reasonable accommodation, she received negative remarks and condescending comments.

38.    By way of just one example, Defendant's James Last Name Unknown ("James LNU"), condescendingly remarked, "I don't want you to fall" in reference to Plaintiff's injury and pain.

39.    By way of just one example, Ms. Matamoros would directly laugh at Plaintiff when she voiced that she in pain.

40.    To make matters worse, Ms. Matamoros began requiring Plaintiff to do heavy lifting tasks, well in excess of Plaintiff's restrictions, despite being made aware of the restrictions and the fact that the heavy lifting was physically causing pain to Plaintiff.

41.    Clearly, Defendant did not accommodate Plaintiff's restrictions and requests for accommodation related to the same.

42.    Defendant did not engage in the interactive process as required by the ADA/PHRA with Plaintiff.

43.    Defendant not only did not accommodate Plaintiff, but forced Plaintiff to perform work well outside of her specified restrictions, while laughing and mocking Plaintiff.

44. On or about January 19, 2024, Defendant suddenly and unexpectedly terminated Plaintiff's employment.

45. In notably close temporal proximity, Plaintiff's termination occurred within a mere two (2) days of her request for reasonable accommodation.

46. In light of the foregoing, it is believed and therefore averred that Defendant terminated Plaintiff's employment because of her actual and/or perceived disability, because Defendant regarded her as being disabled, and in retaliation for Plaintiff's requests for a reasonable accommodation in connection thereto, in violation of the ADA and PHRA.

47. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, and emotional distress.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, *et seq.***
**DISCRIMINATION AND RETALIATION**

48. Paragraphs 1 through 47 are hereby incorporated by reference as though the same were fully set forth at length herein.

49. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

50. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

51. Plaintiff's disabilities substantially limit her ability to engage in one or more major life activities.

6

52. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

53. Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job with or without a reasonable accommodation.

54. Plaintiff made a reasonable request for accommodation with Defendant in connection thereto.

55. Defendant did not engage in an interactive process subsequent to Plaintiff's reasonable request for accommodation and retaliated against Plaintiff for her requests, ultimately terminating Plaintiff from employment.

56. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff from employment because of her actual and/or perceived disabilities, because Defendant regarded her as being disabled, and in retaliation for her requests for a reasonable accommodation in connection thereto.

57. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, and emotional distress.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances.

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951,** *et seq.*
**DISABILITY DISCRIMINATION AND RETALIATION**

58.    Paragraphs 1 through 57 are hereby incorporated by reference as though the same were fully set forth at length herein.

59.    Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, which substantially limits Plaintiff's ability to perform one or more major life activities.

60.    Plaintiff was/is able to perform the essential functions of her job with or without a reasonable accommodation.

61.    It is believed and therefore averred that Defendant terminated Plaintiff from employment because of her actual and/or perceived disabilities, because Defendant regarded her

as being disabled, and in retaliation for her requests for a reasonable accommodation in connection thereto.

62.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, and emotional distress.

63.     The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

C.     Pre-judgment interest in an appropriate amount; and

D.     Such other and further relief as is just and equitable under the circumstances.

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _/s/ Andrew J. Schreiber_
    Andrew J. Schreiber, Esq.
    Michael Murphy, Esq.
    Eight Penn Center, Suite 2000
    1628 John F. Kennedy Blvd.
    Philadelphia, PA 19103
    TEL: 267-273-1054
    FAX: 215-525-0210
    aschreiber@phillyemploymentlawyer.com
    murphy@phillyemploymentlawyer.com
    *Attorneys for Plaintiff*

Dated: April 15, 2026

### DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.